UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON HENRY YANES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-518-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since November 1, 2005. Administrative Record ("AR") 132-135. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 76-78, 81-86. On July 7, 2014, a hearing was held before administrative law judge ("ALJ") Daniel G. Heely. *Id.* at 24-51.

1

Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On October 9, 2014, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 11-19. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since November 1, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant has the following severe impairments: Human Immunodeficiency Virus; Peripheral Neuropathy (20 CFR 404.1520(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and SSR 83-10 specifically as follows: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; he can never work around hazards, such as moving, dangerous machinery, or unprotected heights; he cannot operate motor vehicles.

\* \* \*

6. The claimant is capable of performing past relevant work as a Produce Clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2005, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 13-19.

Plaintiff's request for Appeals Council review was denied on January 13, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

/////

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. <u>ANALYSIS</u>

Plaintiff advances two separate but related arguments. He first contends that the ALJ erred in relying on opinions from an examining and two non-examining physicians. ECF No. 18 at 10. Plaintiff argues that the opinions from these sources do not constitute substantial evidence supporting the ALJ's decision because they were provided prior to February 1, 2014, the amended alleged date of onset of disability.[2] *Id*. He explains that his disability stems from infusion treatments he receives every six weeks, and that these treatments began just prior to the amended onset date. *Id*.

Plaintiff also contends that the ALJ erred in finding that he was not fully credible. He argues that the ALJ's credibility determination relied on plaintiff's activity level as reported in April 2013, which predates the amended onset date by 10 months. According to plaintiff, there is no dispute that he was not disabled in April 2013, and he contends that his activity level at that time is insufficient to discredit his allegations that he could not work after February 1, 2014. *Id*. at 10-11. He also contends that the ALJ failed to address his "testimony that he requires infusion

---

[2] Plaintiff amended his disability onset date after the administrative hearing, but two months prior to the issuance of the ALJ's decision. AR 131. Although amending the onset date was discussed at the hearing (*id*. at 28), the ALJ's decision fails to acknowledge that the onset date was amended.

4

treatments every six weeks, which took two days to administer, and which rendered him bedridden for two to three days after the treatments because he got very weak, very nauseous, very dizzy, and he got headaches." *Id*. at 11.

Plaintiff's contention that the ALJ erred in relying on evidence that predated his alleged amended onset date is without merit. As acknowledged by the Commissioner, the Ninth Circuit has held that "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r Soc. Sex. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). "This is especially true in cases such as this where disability is allegedly caused by a discrete event." *Id*. Nevertheless, an ALJ is still required to "consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); 20 C.F.R. §§ 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *see also Williams v. Astrue*, 493 F. App'x 866, 868 (ALJ erred by silently disregarding medical opinions that predated alleged disability onset date). Contrary to plaintiff's suggestion, medical opinions are not per se irrelevant merely because they predate the disability onset date, particularly where the nature of the disability does not involve a traumatic onset.

Likewise, the ALJ did not err in considering evidence of plaintiff's daily activities prior to the amended alleged onset. 20 C.F.R. 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). This is especially true considering the absence of evidence showing a worsening in plaintiff's condition around the time of the amended onset date. *Cf. Carmickle*, 533 F.3d at 1165 (medical opinion that predate alleged onset date is of especially limited relevance especially where there is evidence that disability is due to a discrete event).

Despite plaintiff's decision to hinge his arguments on the amended onset date, his primary argument, that the ALJ failed to consider the impact that plaintiff's infusion treatments had on his ability to work, is well taken. In determining whether someone is disabled, the ALJ is required to "consider all factors that might have a 'significant impact on an individual's ability to work.'"

5

*Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (quoting *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir. 1988)). This includes the side effects of medication. *Id.* at 818.

At the hearing, plaintiff testified that he undergoes infusion treatment every six weeks for his Chronic Inflammatory Demyelinating Polyneuropathy. AR 40-41. He testified that the treatment takes two days to complete, and usually begins around 8:00 a.m. and takes 7-8 hours each day. *Id.* He further testified that after receiving the treatment he is bedridden for two days with weakness, nausea, and dizziness. *Id.* at 42. The medical records corroborate that testimony and show that the infusion treatments took two days and were performed every six weeks. The ALJ, however, failed to address the impact this evidence had on plaintiff's ability to work. Instead, the ALJ merely noted that medical records reflected that plaintiff was tolerating his infusions well. AR 16. While that observation could be construed as rejecting plaintiff's allegations that he was bedridden for two days after an infusion, the fact remains that treatment alone would require plaintiff to miss two days of work every six weeks. This evidence alone requires remand in light of vocational testimony at the hearing about missing that much work.

At the hearing, plaintiff's counsel asked the vocational expert if an individual that would miss four days of work every six weeks was employable. AR 49. The vocational expert responded, "No. There is actually an absence of work cable [sic] that would be no more than one day per month." *Id.* Thus, the vocational expert's testimony suggests that missing two days of work very six weeks would render plaintiff unemployable. Moreover, the hypothetical relied upon by the ALJ in finding that plaintiff could perform his past relevant work did not include any limitations regarding plaintiff's infusions.

Accordingly, the ALJ finding that plaintiff could perform his past relevant work is not supported by substantial evidence.

IV.     REMAND FOR FURTHER PROCEEDINGS

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 406, 407 (9th Cir. 2015) (internal quotes and citations omitted). "Unless the district court

concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id*.

Here, the ALJ failed to adequately consider the impact plaintiff's infusion treatments would have on his ability to work. Accordingly, remand for further consideration of whether plaintiff maintains the ability to work in light of the demands of his infusion treatments is necessary.

V. <u>CONCLUSION</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 19, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE